(No. 1867—

OTTO A. ELLIOTT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1934.*

OTTO A. ELLIOTT, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Plaintiff herein was employed as a managing officer of the St. Charles School for Boys at St. Charles, Illinois on the 4th day of May, A. D. 1931, and according to his claim had been continuously engaged in such employment since August 1928 and was so employed on December 22, 1931 when he filed his claim herein. The claim was filed pro se December 22, 1931 for Forty-one and 50/100 Dollars ($41.50), alleging that on May 4, 1931 there was in process of erection at said penal institution a building known as the Vocational Building; that while plaintiff, in the line of his duty, was inspecting the work, the scaffolding gave way, throwing claimant to the ground, resulting in the fracture of the tibia of the left leg. Plaintiff was treated at the office of Doctors Raymond G. Scott and Ralph W. Carpenter at Geneva, Illinois, to whom plaintiff paid the sum of Forty-one and 50/100 Dollars ($41.50), for which he asks reimbursement herein.

A motion to dismiss has been filed herein by respondent through the office of the Attorney General on the ground that no claim or demand appears to have been made on respondent

by the claimant within six (6) months of the date of the accident on May 4, 1931. If the claimant comes within the terms of the Compensation Act, this objection, being supported by the apparent facts, would be substantial and the claim would be dismissed.

It would seem that the principal question to be decided in this case is whether the claimant was an "officer" or an "employee" at the time of the injury. If an "officer" he would not be entitled to an award under the Compensation Act, as under the exception in Section 5 of the Act, it is provided that the term "employee" shall not include "any officer of the State" etc. In many cases it is difficult to determine whether a person is an officer or an employee, but an office is a place in a governmental system created or recognized by the Law of the State, which either directly or by delegated authority assigns to the incumbent thereof the continuous performance of certain permanent public duties.

*City of Pekin* vs. *Industrial Commission*, 341 Ill. 312.

The Superintendent of a State institution occupies a definite place in the recognized governmental system of the State, and as such incumbent is assigned the continuous performance of certain permanent public duties. The court is of the opinion that he comes within the exception of Section 5 above quoted. There seeming to be no legal ground for an award, the claim is therefore dismissed.